RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
  *aisaacs@rufuslaw.com*
PAUL D. SUPNIK, State Bar No. 52842
  *psupnik@rufuslaw.com*
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 859-7743

Attorneys for Plaintiff THE CARSEY-WERNER COMPANY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE CARSEY-WERNER COMPANY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION, a foreign corporation; SUGAR FILMS LIMITED, a foreign private limited company, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No. 2:17-cv-8041<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff The Carsey-Werner Company, LLC ("Carsey-Werner"), complains of defendants British Broadcasting Corporation ("BBC"), Sugar Films Limited ("Sugar Films") and DOES 1-10 (collectively, "Defendants") and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a), because it arises under the United States Copyright Act.

2. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states

in which the matter in controversy exceeds, exclusive of costs and interest, $75,000.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District; or, in the alternative, pursuant to 28 U.S.C. § 1391(b)(3) there is no district in which this action may otherwise be brought, and Defendants are subject to the court's personal jurisdiction with respect to such action.

4. This court has personal jurisdiction over Defendants because the following facts show purposeful availment by Defendants toward California through their contacts with the jurisdiction; because they committed wrongful intentional acts expressly aimed at Carsey-Werner in California; and because they knew or should have known that Carsey-Werner was likely to suffer harm in California.

5. Carsey-Werner is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Encino, County of Los Angeles, California. It is one of the most famous television companies in the world, having produced a series of huge hits between 1983 and 2005, including *Roseanne*, *3rd Rock From The Sun*, *That '70s Show*, *Grace Under Fire*, and *The Cosby Show* ("*The Cosby Show*"), starring Bill Cosby, and owns the registered copyrights in each of those programs.

6. BBC is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at Broadcasting House, Portland Place, London W1A 1AA, United Kingdom. It broadcasts its programs on multiple television channels in the United Kingdom, and streams its programs online via its "iPlayer" website at https://www.bbc.co.uk/iplayer.

7. BBC also owns, produces, broadcasts and distributes programs around the world, including the United States. For example, together with affiliated entities, it owns and produces the popular television program *Dancing with the Stars*, which has been continuously aired in the United States since 2005. BBC sought to enforce its rights relating to this program in 2014 when it filed a lawsuit in this District,

entitled *British Broadcasting Corporation, a foreign corporation, et al., v Scott Sander & Associates, Inc., a California corporation, et al.*, Case No. 2:14-cv-08047, seeking damages for trademark infringement, breach of contract, and various business torts based on "lost sales and business opportunities."

8. Sugar Films is a private limited company organized and existing under the laws of the United Kingdom, with its principal place of business at 56 Wood Lane, London, W12 7SB, United Kingdom. It produces television programs. Its five founders are all experienced television executives.

9. In 2017, Sugar Films produced a program for commercial purposes entitled *Bill Cosby – Fall of an American Icon* ("*Fall*"), which included 8 audiovisual clips (one of which appears 3 times in *Fall*) ("Clips") and 2 music cues ("Cues") from *The Cosby Show*. Carsey-Werner's permission for such use of the Clips and the Cues (collectively, the "Infringed Works") was neither sought nor given. <u>The total cumulative running time of the Infringed Works is 234 seconds, which represents 6.5% of the total running time of *Fall*.</u>[1]

10. *Fall* contains interviews with 11 individuals and several location shots of the Sunset Strip in the City of West Hollywood and other locations within the County of Los Angeles. Carsey-Werner alleges in information and belief that Sugar Films travelled to Los Angeles and shot all or many of the interviews[2] and locations that appeared in *Fall* within the County of Los Angeles.

11. BBC first publicly broadcast *Fall* on its BBC2 channel on June 5, 2017. It was broadcast again on BBC on June 7, 2017. And thereafter, it made *Fall*

---

[1] Carsey-Werner does not have a copy of *Fall* with a professional time code. Therefore, all statements regarding timing and percentages are approximate.

[2] Carsey-Werner alleges in information and belief that at least 3 of the interviewees (Gloria Allred, Lili Bernard, and Jennifer Lee Pryor) are residents of Los Angeles County.

available for thirty days for public viewing on its iPlayer website. During that time, it could be viewed on the iPlayer website in the United States by any person using "Virtual Private Network" software, and at various times since June 5, 2017, *Fall* has been available for viewing in the United States both on YouTube and on other video streaming websites such as http://fmovies.org/watch/Ovk95JGQ-bill-cosby-fall-of-an-american-icon.html.

12. Defendants willfully, deliberately and knowingly infringed copyrights that they knew to be the property of Carsey-Werner, as evidenced by these facts:

(a) Each of the Clips was shown in *Fall* over a caption reading "The Cosby Show - Carsey-Werner Company/Bill Cosby";

(b) Carsey-Werner is informed and believes and thereon alleges that Defendants knew that Carsey-Werner is based in Los Angeles County,

(c) Carsey-Werner's address in Encino is easily discoverable on the internet;

(d) On June 5, 2017, the same day that *Fall* was first broadcast, Carsey-Werner sent an electronic notice to BBC, and on June 6, 2017, it sent an email to Sugar Films. It stated in both communications that *Fall* contains materials from *The Cosby Show*, which was produced and is owned by Carsey-Werner; that these materials were not licensed by Carsey-Werner and no permission was ever sought for their use in *Fall*; and that their use therefore constitutes copyright infringement. These communications demanded that *Fall* should not be rebroadcast, and that the infringing materials must be removed immediately from the iPlayer website;

(e) Despite Defendants being on actual notice that *Fall* contained materials that infringed Carsey-Werner's copyrights, it was broadcast again on BBC on June 7, 2017;

(f) On June 12, 2017, Defendants responded separately to the communications referenced in paragraph 12(d) above, denying liability;

(g) On June 20, 2017, Carsey-Werner sent Sugar Films a letter asserting

1 | infringement of its copyrights and demanding that Sugar Films pay a
2 | license fee for the Infringed Works, but Sugar Films denied liability and
3 | refused to pay such a fee; and

(h) Despite Defendants being on notice that *Fall* contained materials which infringed Carsey-Werner's copyrights, *Fall* remained available for public viewing on the iPlayer website until approximately July 4, 2017.

13. These facts establish that Defendants' intentional acts were expressly aimed at California and caused harm that Defendants knew was likely to be suffered in California.

## THE FACTS

14. Between August 9, 1985 and June 17, 1992, The Carsey-Werner Company, a general partnership ("CWC GP"), registered the copyright to two hundred and one episodes of an original television series entitled *The Cosby Show*. By an Agreement of Merger made as of November 15, 1995, CWC GP was merged with and into Carsey-Werner, so that the separate existence of CWC GP ceased and Carsey-Werner succeeded to all the rights and property of CWC GP. The Certificate of Merger was recorded in the Copyright Office on May 30, 1996. Since 1985, Carsey-Werner and CEC GP have been, and Carsey-Werner still is, the sole proprietor of all rights, title, and interest in and to the copyright in The Cosby Show.

15. *The Cosby Show* is a creative work that contains a large amount of wholly original material and is copyrightable subject matter under the laws of the United States.

16. Between 1985 and the present, Carsey-Werner and its predecessor complied in all respects with the Copyright Act of October 19, 1976, Title I § 101, 90 Stat. 2541; 17 U.S.C. §§ 401-412, and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of *The Cosby Show*, and holds a certificate of registration from the Register of Copyrights for each episode of the series, identified with the following registration numbers: PA 265-

861, 2294-411, 297-567.

17. Since 1985, *The Cosby Show* has been broadcast on television and distributed in other media by Carsey-Werner, and all copies of it made by Carsey-Werner, or under its authority or license, have been broadcast on television and other media in strict conformity with the provisions of the 1976 Act and all other laws governing copyright.

18. Carsey-Werner no longer produces new shows, and is now almost exclusively a television distribution company which licenses programs from its catalogue, and clips from those programs. These programs and clips are its stock-in-trade, and Carsey-Werner makes the process of requesting a license quick and user-friendly. Clip license request forms can be downloaded from its website at http://www.carseywerner.com/contact.php and completed in a few minutes.

19. *Fall* is a one-hour documentary about Mr. Cosby's alleged history of sexual assaults, and was first broadcast on June 5, 2017, the same day that his prosecution for one such assault began in Pennsylvania. Public statements about *Fall*, no doubt released by Defendants to generate interest in the program, appeared as early as February 2017, when *Broadcast*, the principal trade publication of the UK television industry, reported: "The demise of Hollywood star Bill Cosby will be examined in a 60-minute doc for BBC2, Cosby: Fall of an American Icon. Sugar Films will chart The Cosby Show's star journey from powerful Hollywood icon to his criminal trial for sexual assault which will take place on 5 June this year."

20. Defendants infringed Carsey-Werner's copyright by publishing and placing 8 audiovisual clips (one of which is repeated 3 times) and 2 music cues from *The Cosby Show* and using them for commercial purposes in *Fall*, which has been broadcast on British television on at least 2 separate occasions and has been streamed on the iPlayer website, and on YouTube and other websites.

21. The Infringed Works, which had the proper copyright notice affixed, consist of the following:

| | Description of Clip | Episode Number | © Registration Number | Clip Length (in Seconds) | Documentary Time Code |
|---|---|---|---|---|---|
| 1 | Cliff photographs daughters going on dates | 219 | 321-929 | 23 | 0:39-1:02 |
| 2 | Season 2 Opening | Any Season 2 Episode | 321-826, 321-827, 321-935, 321-936, 321-937, 321-938, 321-939, 321-940, 321 941, 321-942, 321-943, 321- 944, 321-945, 321-302, 321-925, 321- 926, 321-927, 321-928, 321- 929, 321-930, 321-768, 321-931, 321-932, 321-933, 321-934 | 15 | 11:39-11:54 |
| 3 | Huxtable family in kitchen | 101 | 265-861 | 22 | 12:22-12:44 |
| 4 | Cliff photographs daughters (second use of same clip) | 219 | 321-929 | 8 | 12:54-13:02 |
| 5 | Cliff photographs daughters (third use of same clip) | 219 | 321-929 | 20 | 13:07-13:27 |
| 6 | Cliff to Theo: "I brought you into this world…" | 101 | 265-861 | 12 | 13:31-13:43 |
| 7 | Grandparents arriving at the Huxtable home | 203 | 321-935 | 14 | 13:56-14:10 |
| 8 | Family performing "The Right Time" | 203 | 321-935 | 23 | 14:29-14:52 |
| 9 | Family concludes "The Right Time" | 203 | 321-935 | 7 | 15:09-15:16 |
| 10 | Lili Bernard as Dr. Huxtable's patient | 816 | 559-142 | 51 | 23:02-23:53 |

Rufus-Isaacs Acland & Grantham LLP
232 N. Canon Drive
Beverly Hills, California 90210
Tel (310) 274-3803 • Fax (310) 859-7743

| | Description of Music Cue | Episode Number | © Registration Number | Duration (in seconds) | Documentary Time Code |
|---|---|---|---|---|---|
| 1 | 2nd Season opening theme song "Rasta Farsan" (15 seconds appeared over CW clip) | All episodes of Season 2 | 321-826, 321-827, 321-935, 321-936, 321-937, 321-938, 321-939, 321-940, 321 941, 321-942, 321-943, 321- 944, 321-945, 321-302, 321-925, 321- 926, 321-927, 321-928, 321- 929, 321-930, 321-768, 321-931, 321-932, 321-933, 321-934 | 54 | 11:23–12:17 |
| 2 | Kitchen Scene "Bill's Song" (appeared over CW clip) | 101 | 265-861 | 12 | 12:31-12:43 |

22. The total running time of the Clips is 195 seconds. The total running time of the Cues is 66 seconds, but for 27 of those 66 seconds, the music is heard while Clips appear on the screen. Thus, the music is heard over other images for 39 seconds. Therefore, the Infringed Works were either seen or heard (or both) in *Fall* for a total of 234 seconds. Since the running length of *Fall* is 59 minutes 30 seconds (3570 seconds), the total cumulative running time of the Infringed Works as percentage of the running time of *Fall* is 6.5%.

23. The Cues consisted of music shared by Turtlehead, Rendrag UTS and Werner-Carsey Music (BMI) and are administered by Carsey-Werner.

24. Defendants had several months in which to clear any material they wished to use in *Fall* before it was broadcast, and they clearly knew that the Infringed Works belonged to Carsey-Werner, as evidenced by the captions to that effect which appeared over the Clips in *Fall*. They have therefore sought to profit directly from the use of the copyrighted material without having to pay a license fee

to Carsey-Werner by using the inherent entertainment value of *The Cosby Show* to entertain viewers. If they had wanted to draw *The Cosby Show* to viewers' attention simply in order create a reference point, Defendants could have done so without using copyrighted material. Instead they deliberately used the Clips on 10 separate occasions, no doubt because they knew that showing such a large number of clips from this famous show would appeal to viewers. The Cues further seek to capitalize on *The Cosby Show*'s popularity.

25. Defendants' acts were performed without the permission, license, or consent of Carsey-Werner, which has notified Defendants that they have infringed Carsey-Werner's copyrights. However, Defendants continue to assert that they did not infringe the copyrights, and to refuse to pay Carsey-Werner a license fee.

26. Defendants' willful acts of direct, vicarious, and contributory copyright infringement justify the award of the maximum measure of statutory damages against it for each infringement of *The Cosby Show* in an amount to be determined, together with costs and attorneys' fees. Alternatively, Carsey-Werner is entitled to its actual damages incurred as a result of Defendants' infringement in an amount to be determined in excess of Seventy-Five Thousand Dollars ($75,000), and any additional profits of Defendants attributable to the infringement, together with costs and attorneys' fees.

## CLAIM FOR RELIEF

(Direct Copyright Infringement against All Defendants)

27. Carsey-Werner repeats and realleges all the allegations contained in paragraphs 1 through 27, inclusive, as though set forth herein in full.

28. Carsey-Werner owns valid copyrights in the Infringed Works, which are identified in the table in Paragraph 21 above. Attached hereto as Exhibits 1, 2, 3 and 4 are four Copyright Registration Certificates: PA 265-861 registered August 9, 1985 (Episode 101), PA 321-935 registered January 16, 1987 (Episode 203), PA 321-929 registered February 11, 1987 (Episode 219), and PA 559-142 registered

March 19, 1992 (Episode 816). These copyrights, and the other copyrights described in said table, were all registered prior to the first acts of infringement alleged herein.

29. *Fall* is an unauthorized derivative work of the Infringed Works, and Defendants' commercial exploitation of it infringes upon Carsey-Werner's copyrights.

30. Defendants have actively promoted, advertised, and facilitated the commercial exploitation of *Fall*.

31. On information and belief, Defendants have profited substantially from the broadcasting, licensing and commercial exploitation, including but not limited to streaming, of *Fall*.

32. The aforementioned acts of Defendants constitute volitional infringement of Carsey-Werner's copyright in the Infringed Works by violating Carsey-Werner's exclusive right of reproduction pursuant to 17 U.S.C. §106(1), its exclusive right to create derivative works pursuant to 17 U.S.C. §106(2), its exclusive right of distribution pursuant to 17 U.S.C. §106(3), and its exclusive right of public performance pursuant to 17 U.S.C. §106(4).

33. As a direct result of Defendants' infringement, Carsey-Werner has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

34. As a direct result of their infringement, Defendants have received profits, advantages, and benefits in amounts that have yet to be determined.

WHEREFORE, Carsey-Werner demands:

1. That Carsey-Werner be awarded (a) statutory damages for each infringement of the Infringed Works in an amount to be determined; or (b) the actual damages suffered by Carsey-Werner as a result of Defendants' infringement of Carsey-Werner's copyright on the Infringed Works in an amount in excess of Seventy-Five Thousand Dollars ($75,000), and the additional profits of Defendants

attributable to such infringements;

    2.    That Defendants be required to account for all gains, profits, and advantages derived by them by their infringement of Carsey-Werner's copyrights on the Infringed Works; and

    3.    That Carsey-Werner be awarded its reasonable costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

DATED: November 3, 2017    RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: *[signature]*
Alexander Rufus-Isaacs
Attorneys for Plaintiff THE CARSEY-WERNER COMPANY, LLC

# DEMAND FOR JURY TRIAL

Plaintiff The Carsey-Werner Company LLC hereby demands trial by jury on all issues triable by a jury.

DATED: November 3, 2017

RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: _____
Alexander Rufus-Isaacs
Attorneys for Plaintiff THE CARSEY-WERNER COMPANY LLC

12
COMPLAINT FOR COPYRIGHT INFRINGEMENT: DEMAND FOR JURY TRIAL